IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 25 2013 ★
BROOKLYN OFFICE

CV 13 00548

| | |
|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, | CIVIL NO.: _____ |
| v. | CRIMINAL DOCKET NO.: 11-635 |
| JOSEPH MARRA, PETITIONER. | HONORABLE KIYO A. MATSUMOTO, USDJ |

REQUEST FOR RELIEF PURSUANT TO TITLE 28
OF THE UNITED STATES CODE SECTION 2241

Comes Now, the petitioner, Joseph Marra (hereinafter "Marra"), who moves this Honorable Court for relief pursuant to Title 28 of the United States Code Section 2241.

A memorandum of law in support of this request is attached hereto and is incorporated by reference.

Respectfully submitted,

_____
Joseph Marra, pro se

## JURISDICTION

This Court has jurisdiction over this action pursuant to Title 28 of the United States Code Section 2241 because Marra's term in federal custody is being determined in violation of the Constitution and the laws of the United States. Marra also invokes jurisidction of this Court pursuant to Title 28 of the United States Code Section 1343(4) in that Marra seeks to redress deprivation of rights guaranteed by both the Constitution and federal statues.

Under 28 U.S.C. § 2241, this Honorable Court has the jurisdiction to issue writs of habeas corpus only "within their respective jurisdictions," Rumsfeld v. Padilla, 542 U.S. 426, 477, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), and Marra is presently incarcerated in the Eastern District of New York.

## STATEMENT OF FACTS

While serving the remainer of a 228 month sentence in a federal half-way house, Marra was charged on August 25, 2011 with Extortionate Collection of Credit Conspiracy. Marra subsequently pled guilty that that offense and received a term of impriosnment of 24 months. Upon sentencing, the District Court stated that Marra would receive credit for time served "since the date of his arrest for this offense." Please see attachment-A.

Marra was released from the 228 month sentence on December 19, 2011 and upon his arrival to Federal Correctional Instution Ray Brook in Ray Brook, New York, he was told that he could not receive the credit that the District Court for the United States District Court for the Eastern District of New York granted him. This was due in part to the federal Bureau of Prisons ("BOP") interpretation of awarding credit to two seperate sentences.

Marra now brings this instant petition.

I.  EXHAUSTION IS NOT A BAR TO CONSIDERATION ON THE MERITS

Although the BOP should generally have an opportunity to reconsider its decision to deny the jail credit that Marra seeks, there are circumstances where exhaustion of administrative remedies should not bar consideration of the merits. This is such a case. First, because Marra is challenging the duration and not the conditions of his confinement under 28 U.S.C. § 2241, exhaustion of administrative remedies is not jurisdictional. Second, because Marra challenges the validity of the District Court's intent, exhaustion of administrative remedies is futile and casue irreparable harm with everyday that Marra sepnds in the BOP's custody.

A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NOT A JURISDICTIONAL REQUIREMENT

Although exhaustion of administrative remedies is generally preferred, it is not a jurisdictional requirement in Section 2244 actions. See United States v. Woods, 888 F.2d 653, 654 (10th Cir. 1989). Congress did not include a requirement of exhaustion of administrative remedies in the statue upon which this Court's jurisdiction is based--28 U.S.C. § 2241. The absence of such a requirement leaves this Court with the authority to reach the merits. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

-4-

Furthermore, Marra did attempt to exhaust his administrative remedies, so far, to no avial. On November 1, 2012 Marra's attempt at the Regional level was denied and then he appeal to the General Counsel (final level), to which a extension was asked for and granted. To this date, Marra has not received a answer from the General Counsel. Requiring exhaustion in this case is futile because the BOP's interpretation under Title 18 of the United States Code Section 3585(b) says in part that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Because of § 3583(b), for all pratical purposes, Marra's decision on his administrative remedies is final, even without the final response from the General Counsel. The Supreme Court in McCarthy, 503 U.S. at 146 stated:

> [T]his Court has declined to require exhaustion in some circumstances even where administrative and judicial interest would counsel otherwise. In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to federal judicial forum against countervailing institutional interest favoring exhaustion. [A]dministrative remedies need not be pursued at the litigant's interest in immediate judicial review outweigh the government's interest in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further.
> ...Application of this balancing principle is "intensely practical,"...because attention is dirrected to both the nature of the claim presented and the characteristics of the particular admininstrative procedure provided.

Marra's side of the balance is extremely basic--the interest in earlier freedom from incarceration. Among the institutional interest are to have an opportunity to correct its mistakes and develop a factual record for subsequent judicial intervention. Id. at 145-46. Under controlling precedent, the balance favor prisoners where exhaustioon of administrative remedies that would be futile or cause irreparable harm delaying relief. Downey v. Crabtree, 923 F. Supp. 164, 165 (D. Or.). The irreparable injury exception favors Marra for several reasons. The most obvious is that Marra would be entitled to earlier release with a correct calculation of his jail credit, as the District Court intended. In addition under § 3585(b), it is soley under the BOP's control and for Marra to ask the Warden, Regional Director or the General Counsel for relief is to send Marra on a fool's errand. The BOP is obligated to follow its won rules, and has no discretion to disregard those rules in the administrative remedy process. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1950).

Thus, even if the BOP were to reverse its decision, Marra has already lost approximately four months of jail credit. Marra's situation squarely falls into both the exhaustion doctrine. Any further exhaustion should be excused in this case because Marra faces irreparable harm and further administrative remedies are futile. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).

## II. <u>MARRA CONTENDS THAT THIS COURT HAS THE JURISDICTION TO CORRECT HIS JAIL CREDIT WHICH WAS THE COURTS INTENT</u>

Marra contends that this Court has the jurisidction to correct his sentence because it was the District Court's intenet for him to have received jail credit "from the time of his arrest" of the instant offense, which was August 25, 2011. The BOP has given Marra credit from December 20, 2011, which is approximately a 4 moth difference.

The United States Sentencing Guidelines (U.S.S.G.) has made clear in Section 5G1.3(c) that:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. Id. at 5G1.3(c).

See also, <u>United States v. Fermin</u>, 252 F.3d 102 (2d Cir. 2001). The District Court can and could have imposed a downward departuer to satisfy its intent when it intended for Marra to receive credit from August 25, 2011. See <u>King v. Hoke</u>, 825 F.2d 720, 724 (2d Cir. 1987). In addition, application note 3(D) of Section 5G1.3(c) speaks of complex situations:

> Occasionally the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with Subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

Marra contends that his case presents the very same type of complex issues that Subsection(c) of 5G1.3 Application Note 3(D) speaks of and it would be a miscarriage of justice of this Honorable Court if it did not correct the United States District Court for the Eastern District of New York's intent, when the Court stated that Marra receive credit from "the time of his arrest." Subsection (c) has been held to "vest[] broad discretion in the sentencing court." See United States v. Maria, 186 F.3d 65, 71 (2d Cir. 1999).

For these reasons, Marra respectfully request that this Honorable Court re-enter his judgement to reflect the approximately four months that the District Court intended Marra to receive.

Date: 1/18/2013

Respectfully submitted,

Joseph Marra, pro se
Reg. No. 45444-053
1553 West 4th Street
Brooklyn, New York 11204

ATTACHMENT A

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: JOSEPH MARRA
CASE NUMBER: 11CR635[KAM]

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twenty-four (24) months with credit for time served since the date of his arrest for this offense.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL


RECEIVED AUG 14 2012
Administrative Remedy

1  appropriate for sentence as follows:
2      I sentence Mr. Marra to custody of 24 months, which
3  is the lowest end of the advisory guideline with credit for
4  time served since the date of his arrest for this offense.
5  He's also sentenced to a term of supervised release of two
6  years with the following conditions:
7      He shall not associate in person, directly or
8  indirectly through mail or electronic mail or telephone with
9  any individual with an affiliation to any organized crime
10 group, gang or other criminal enterprise, nor shall Mr. Marra
11 frequent any establishment or other locale where groups of
12 individuals involved with organized crime may meet, including
13 but not limited to a prohibition list to be provided by the
14 government to the Probation Department.
15     Mr. Marra shall not possess any firearm, ammunition
16 or destructive device.
17     I will not impose a fine on Mr. Marra given his
18 inability to pay a fine.  I note that Mr. Marra has paid the
19 forfeiture money judgment in full as of November 2nd, 2011
20 which will be reflected in the judgment.
21     I will not impose restitution and I will impose a
22 mandatory $100 special assessment without interest to be paid
23 immediately.
24     And Mr. Marra, I do wish you well.  I do hope that
25 you succeed in moving forward in a positive way and reuniting

CMH    OCR    RMR    CRR    FCRR

# JOSEPH R. BENFANTE, P.C.
ATTORNEY AT LAW
225 BROADWAY, SUITE 2700
NEW YORK, NEW YORK 10007
WWW.BENFANTELAW.COM

JOSEPH R. BENFANTE

JON L. NORINSBERG
OF COUNSEL

TELEPHONE: (212) 227-4700

FACSIMILE: (212) 406-6890

May 8, 2012

Joseph Marra
Register Number 45444-053
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232

Re: United States v. Joseph Marra

Dear Joe:

Enclosed kindly see copies of all of your sentencing documents

Within this package is a copy of your minutes of sentencing and a "corrected" copy of your final judgment.

As you will see on May 4, 2012, I wrote to Judge Matsumoto requesting a modification and/or clarification of your judgment. The initial judgment did not say credit for time served "since the date of your arrest." It only stated "credit for time served."

In my opinion this would have been open to interpretation by the BOP and I wouldn't want them making that call.

The Judge was kind enough to redo your judgment and add "since the date of his arrest for this offense."

You are in good shape.

Very truly yours,

JOE BENFANTE

JRB:jb
Enclosures

RECEIVED
AUG 14 2012
Administrative Remedy
Clerk's Office